**No. 47518.**—Protests 935121–G, etc., of Geo. Abeling & Co. (San Francisco).

Opinion by KEEFE, J. At the trial the testimony showed that due to a shipping strike at the port of entry (San Francisco), there were no facilities for handling the merchandise upon the wharves because of the congestion. A conference was held between the importer and the customs officials to determine the course of procedure to adopt under the circumstances and it was agreed, inasmuch as a dock examination was impossible, that the cases be taken under customs seal to the importer's warehouse for examination; that the seals be broken there, the cases opened, and the glass examined; that when all of the breakage was determined the customs officials would make their final report; that the entries were to be withheld until the final report of breakage was filed; and that no credit would be given the customers of the importer for breakage until the amounts had been approved by the customs officials. Several of the witnesses testifying at the trial were those present at the conference. When this final report of breakage was received, the importer testified he turned it over to one of the examiners.

Attached to the appraiser's letter requesting an investigation appeared copies of two reports of breakage, which were received in evidence as exhibits 4 and 5. The customs agent made an investigation and several exhibits were received in evidence in connection therewith. It appeared that an error in computation was discovered in one of the exhibits. A stipulation was entered into between counsel correcting the error in exhibit 5. It appeared that upon examination by the interested parties considerable broken glass was found and that because of congestion in the importer's warehouse, it was agreed between the parties that an estimate of the quantity of damage could be made. Therefore, the broken glass was not weighed. The report furnished by the importer was considered correct and that, in comparison with other shipments, the damage reported here was found to be commensurate with the Government's estimate, and therefore the customs officials agreed with the importer to allow the damage reported on these

shipments the same as on other shipments. But, however, through an oversight, the invoices were returned prior to receipt of the report from the importer showing the amount of damage.

From all of the evidence produced the court was of the opinion it was ·clearly established that it was not possible to comply with any regulations respecting the examination of merchandise upon the wharf.

On the record presented the court directed the collector to reliquidate the entries, assessing duty upon the basis of the weights returned, due allowance being made for breakage found by the examiners and reported in certain memoranda from the importer, as amended by agreement of counsel.